

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,903-01, WR-85,903-02, WR-85,903-03 AND WR-85,903-04

### EX PARTE WILLIAM JAMES AKIN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR-13-24796-A, CR-13-24979-A, CR-13-24791-A AND CR-13-24795-A
### IN THE 336TH DISTRICT COURT FROM FANNIN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three charges of indecency with a child by contact and one charge of sexual assault of a child, and was sentenced to four twenty-year sentences, to be served concurrently. The Sixth Court of Appeals affirmed his convictions. *Akin v. State*, No. 06-14-00178-CR (Tex. App. — Texarkana, Sept. 16, 2015) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel and appellate counsel both rendered ineffective assistance. Applicant alleges that his trial counsel was ineffective for failing to object to the testimony of Fannin County Sheriff Sergeant Jacob Barker, who testified about items he found on Applicant's laptop computer. Applicant alleges that appellate counsel was ineffective for failing to argue on direct appeal that the trial court had erred by admitting, over defense objection, the testimony of Applicant's ex-wife Misti Akin.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether trial counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether appellate counsel's deficient performance prejudiced Applicant. The trial court shall also

---

[1]This Court has considered Applicant's other claims, and finds them to be without merit.

make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 16, 2016
Do not publish